# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re    Case No. 14-10944-WRS
         Chapter 13

PAMELA G. CRITTEN,

      Debtor

## MEMORANDUM DECISION

This Chapter 13 bankruptcy case is before the Court on the motion to reconsider filed by Quantum3 Group, LLC. (Doc. 45). The Court heard argument on November 4, 2014. For the reasons set forth below, the motion is DENIED.

## I. FACTS

On May 21, 2014, the Debtor filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code, initiating this case. (Doc. 1). On July 7, 2014, Quantum3 Group, LLC, filed a timely proof of claim, contending that it was owed $2,558.33. (Claim No. 3). On July 8, 2014, the Debtor filed an objection to the claim contending that it was barred by the statute of limitations. (Doc. 17). Under the Court's Local Rules, Quantum's response was due 30 days after service of the objection, which was August 7, 2014. As August 7 was a Sunday, Quantum's response was due on August 8, 2014. As no response was filed by Quantum, the Court sustained the Debtor's objection by default on August 13, 2014. (Doc. 27). On October 15, 2014, Quantum filed a motion to reconsider. (Doc. 45). The Debtor has filed a memorandum in opposition to the motion (Doc. 47) and Quantum has filed a reply. (Doc. 49).

## II. LAW

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding. 28 U.S.C. § 157(b)(2)(B). This is a final order.

Reconsideration of claims is governed by 11 U.S.C. § 502(j), which provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." Bankruptcy Rule 3008 provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." The question then becomes what standard the Court should use in determining whether Quantum has made a showing of "cause" within the meaning of 11 U.S.C. § 502(j).

> Bankruptcy Rule 3008, which implements § 502(j), 'does not specify when a motion for reconsideration must be filed,' but a motion filed 'under rule 3008 will be considered timely if filed within the time permitted by Rule 9024.' (Citation omitted). What the cause standard entails should depend on, among other things, when the motion to reconsider a claim is made. If it is made before final judgment, the cause standard usually should be that standard that courts typically use in reconsidering orders made before entry of final judgment; if the motion is made within ten days of final judgment, the standard usually should be that standard that governs Bankruptcy Rule 9023, which incorporates in part Civil Rule 59; and if the motion is made more than ten days after a final judgment, the standard usually should be that standard that governs Bankruptcy Rule 9024, which incorporates in part Rule 60 Federal Rules of Civil Procedure.

2

In re Davis, 237 B.R. 177, 181 (M.D. Ala. 1999); see also, In re Vance, 2011 WL 2118233 (Bankr. M.D. Ala. 2011)(Memorandum Decision dated 5/24/2011)(denying motion to reconsider for failure to make a showing of cause).  With the benefit of the guidance proved by In re Davis, it is apparent that the standard to be applied here is that of Bankruptcy Rule 9024.

With exceptions not relevant here, Rule 9024 incorporates the provisions of Rule 60, Fed. R. Civ. P.  Rule 60(b), Fed. R. Civ. P., provides as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

In a case involving the denial of an untimely filed proof of claim, the Supreme Court applied the excusable neglect standard, stating the following: "we conclude that the determination [whether there is excusable neglect] is at bottom an equitable one, taking account

3

Case 14-10944    Doc 50    Filed 11/25/14    Entered 11/25/14 16:19:40    Desc Main
Document      Page 3 of 8

of all relevant circumstances surrounding the party's omission." <u>Pioneer Investment Services Co. v. Brunswick Assoc. Ltd.</u>, 507 U.S. 380, 394, 113 S.Ct. 1489, 1498 (1993).

### III.  ANALYSIS

Applying the standards of Bankruptcy Rule 9024 and Rule 60(b), Fed. R. Civ. P., the Court will now consider Quantum's motion to reconsider on its merits.  Quantum argues that there is good cause to reconsider for three reasons: (1) that through mistake, inadvertence, surprise or excusable neglect it believed that its claim was barred by the statute of limitations; (2) newly discovered evidence–that the debtor had a prior 2007 bankruptcy case; and (3) that the debtor misrepresented to the Court that she did not have any prior bankruptcy filings within the past eight years.  (Doc. 45, pp. 4-5).

The Court notes that the Debtor listed "none" on page 2 of her petition, where she is required to disclose all prior bankruptcy filings within the last 8 years.  (Doc. 1).  In fact, Critten filed a case under Chapter 13 on March 31, 2007, in this Court under Case No. 07-10422.  That case was dismissed by the Court on July 9, 2010, on the Trustee's motion to dismiss on the grounds that Critten had committed a material default in her obligation to make payments under her confirmed Chapter 13 Plan.  (07-10422, Doc. 67).  Therefore, Critten's petition is deficient in that she failed to correctly respond to the question calling for prior bankruptcy filings in the past eight years.

Quantum does not offer any evidence to support its argument that it was misled or surprised by Critten's false petition.  Quantum has the burden of proof on its motion.  <u>Valdez v.

4

Feltman (In re Worldwide Web Systems, Inc.), 328 F.3d 1291, 1298-99 (11th Cir. 2003). Quantum's motion is silent on the matter of who was misled and how it happened. There is no evidence that anyone at Quantum had an opinion one way or the other about Critten's prior bankruptcy filing and its effect, if any, on the question of whether its claim in this case was barred by the statute of limitations. Quantum has done nothing more here than peruse the Debtor's bankruptcy papers in this case, and in the case filed in 2007, and point out an error. To be sure, the Court does not condone erroneous bankruptcy filings, however, even if a bankruptcy filing is found to in error, it does not necessarily follow that each creditor is given carte blanche to ignore the rules. Rather, it is incumbent on a creditor claiming that it was harmed by a false disclosure to show a nexus between the false disclosure and its failure to timely take action. Critten's error in her bankruptcy petition does not, in and of itself, justify Quantum's failure to timely respond to the objection to its claim.

Quantum argues that it relied on Critten's false statement, to its detriment, and for that reason the Court should reconsider its Order of August 13, 2014, sustaining Critten's objection to its claim. Yet, Quantum proffers no evidence of this. Who at Quantum was aware of the representation in her petition? What did they do to follow up? Did they look at the Court's file? Did they look into their own file? How were they harmed by false disclosure? Quantum does not begin to answer these questions.

When a debtor files a petition in bankruptcy, the Bankruptcy Court sends a Notice of Commencement of Case to all creditors listed in the Debtor's file. For example, in this case such

a notice was sent to all listed creditors on May 22, 2014. (Doc. 3). The Notice does not contain a representation as to prior filings, so it could not have been the source of Quantum's misunderstanding.[1] Copies of Critten's petition in bankruptcy–the document containing the misstatement concerning the prior bankruptcy filing–were not sent to Quantum, nor any other other creditors for that matter. To be sure, petitions in bankruptcy are public documents and Quantum could easily have accessed this Court's records and obtained its own copy of the Critten's petition, however, it has not provided any affirmative statement that it did and if so, that this was the source of its misunderstanding. If we assume for the sake of discussion that Quantum did access the Court's records, using either PACER or CM/ECF, it could have obtained a copy of the Critten's petition. If it did so, it could not have missed the following entry on the Court's docket dated 5/22/2014:

> Notice of Prior Filing for debtor Pamela G. Critten Case Number 98-05923, Chapter 7 filed in Alabama Middle Bankruptcy Court on 11/18/1998 , Standard Discharge on 01/07/2000; Case Number 07-10422, Chapter 13 filed in Alabama Middle Bankruptcy Court on 03/31/2007 , Dismissed for failure to make plan payments on 07/09/2010.(Admin) (Entered: 05/22/2014).

Thus, Quantum's blanket statement, that it was misled and defrauded by Critten's failure to disclose her prior bankruptcy filing, is contradicted by the very records that Quantum would have accessed. The means by which it learned of Critten's bankruptcy petition in this case, which it has not disclosed to the Court, also would have disclosed Critten's 2007 bankruptcy filing.

---

[1] It does not appear that Quantum, its principal Galaxy Portfolios, LLC, or its predecessor Roundup Funding, LLC, were listed on the matrix in this case. (Doc. 8). Therefore, it does not appear that the Court mailed a copy of the Notice of Commencement of Case to Quantum or any other party with which it is in privity. (Docs. 3, 8). As Quantum filed a timely claim, it had to have learned of this case somehow, yet it does not explain this to the Court.

6

There is further evidence that Quantum's statement, that it was misled and defrauded, is incorrect. Attached as Exhibit C to Quantum's motion to reconsider is a copy of a proof of claim filed by Roundup Funding, LLC, in Critten's 2007 bankruptcy case. (Doc. 45, Ex. C). Roundup Funding was the assignor to Galaxy Portfolio, which is Quantum's principal. Id. One would presume that, when Galaxy purchased Critten's debt from Roundup, it learned of Critten's 2007 bankruptcy filing, Roundup's claim, and information as to how much was paid on the claim during the pendency of the 2007 bankruptcy case. All of these things would bear upon the question of how much Critten owes and how much the debt is worth. Given all of the information that Quantum certainly would have had, its argument that it was misled or defrauded is without merit. Moreover, as Quantum's interest in its claim against Critten is derived from Roundup's claim, it is imputed with knowledge had by Roundup.

Quantum argues in great detail that its claim in this case is not barred by the statute of limitations. (Docs. 45, 49). Without reaching the merits of the statute of limitations issue, it is clear enough that Quantum had at least a meritorious defense to Critten's objection. However, a showing of a meritorious defense is not, by itself, sufficient. It must also show cause for its failure to timely respond to the Debtor's objection. Sloss Industries Corp. v. Eurisol, 488 F.3d 922, 934 (11th Cir. 2007); Gibbs v. Air Canada, 810 F.2d 1529, 1537 (11th Cir. 1987). The Court is denying Quantum's motion not because it has not made a showing of a meritorious defense but because it has not made a showing of excusable neglect for its failure to respond to Critten's objection to its claim. Quantum's showing of a meritorious defense is one of two necessary elements.

## IV. CONCLUSION

The motion to reconsider by Quantum is DENIED. Applying the holding of the District Court from In re Davis, 237 B.R. 177, 181 (M.D. Ala. 1999), the Court uses the standard for a motion under Rule 60(b), Fed. R. Civ. P. As Quantum has not made a showing of excusable neglect or surprise, its motion fails. The fact that Critten made a false statement on her petition does not give Quantum a trump card to play.

Done this 25th day of November, 2014.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Rafael Gil III, Attorney for Debtor
   Nicholas H. Wooten, Special Counsel
   Chase T. Espy, Attorney for Quantum3 Group LLC
   Barry A. Friedman, Attorney for Quantum3 Group LLC
   Curtis C. Reding, Trustee

8